

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 31, 1990

Robert Bernstein, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas  78756-3199

Opinion No. JM-1214

Re: Whether the Texas Department of Health is required to inspect and license as a personal care home a boarding facility registered by the Department of Mental Health and Mental Retardation, and related questions (RQ-1974)

Dear Dr. Bernstein:

You ask three questions about the role of the Department of Health in regard to "boarding homes" registered under article 5547-206, V.T.C.S. Your first question is whether boarding homes registered under article 5547-206, V.T.C.S., are exempt from regulation by the Department of Health.[1] In your letter you state that article 5547-206, V.T.C.S., gives the Department of Mental Health and Mental Retardation authority to register boarding homes. In fact, article 5547-206 places the duty to register boarding homes on local mental health and mental retardation authorities. Article 5547-206, § 6.03(a)(4), V.T.C.S. Boarding homes operated by the Department of Mental Health and Mental Retardation are exempt from those registration requirements. Id. § 6.02. We will assume, therefore, that your question is whether boarding homes registered with local mental health and mental retardation authorities pursuant to article 5547-206 are within the

---

1. We assume from your letter that the boarding homes in question fall within the scope of section 242.002 of the Health and Safety Code, which describes certain types of facilities that are subject to licensing by the Department of Health.

scope of section 242.003(a)(6) of the Health and Safety Code, which exempts specified types of facilities from certain Health Department regulations.

The exemption set out in section 242.003(a)(6) applies to:

a facility that:

(A) primarily engages in training, habilitation, rehabilitation, or education of clients or residents;

(B) is operated under the jurisdiction of a state or federal agency, including the . . . Texas Department of Mental Health and Mental Retardation . . . and

(C) is certified through inspection or evaluation as meeting the standards established by the state or federal agency.

Section 6.03(a) of article 5547-206 sets out the obligations of local mental health and mental retardation authorities in regard to boarding homes:

Each local mental health or mental retardation authority shall:

(1) adopt guidelines relating to the registration of boarding homes;

(2) submit the guidelines to the [Department of Mental Health and Mental Retardation] for approval as provided by Section 6.04 of this article;

(3) adopt local standards for personal and financial services;

(4) register boarding homes as required by this article; and

(5) visit and inspect each registered boarding home to which the authority refers a patient or client at least annually to ensure that the home has been inspected, is in good standing with the local health and safety authorities, and is providing the personal

and financial services that are appropriate for the residents' needs.

Sections 6.04 and 6.05 of article 5547-206 set out the relationship between the Department of Mental Health and Mental Retardation and registered boarding homes. Section 6.04 provides:

> (a) Each local mental health or mental retardation authority shall submit the guidelines adopted under Subsection (a)(1) of Section 6.03 of this article to the [Department of Mental Health and Mental Retardation] for approval.

> (b) The Department shall approve the guidelines if the guidelines:

> (1) require annual inspections of each registered boarding home to which the authority refers a patient or client as provided by Section 6.03(a)(5) of this article;

> (2) require each registered boarding home to submit to the required annual inspection; and

> (3) require each registered boarding home to comply with all applicable local health, sanitation, fire, and safety requirements.

Section 6.05 provides:

> The [Department of Mental Health and Mental Retardation] may withhold funds from a local mental health or mental retardation authority if the authority refers patients or clients to a boarding home that is not registered by the authority.

To fall within the scope of the exemption set out in section 242.003(a)(6) of the Health and Safety Code, a facility must be operated under the jurisdiction of a state agency. Health and Safety Code § 242.003(a)(6)(B). The relationship between registered boarding homes and the Department of Mental Health and Mental Retardation is so attenuated that it is doubtful that registered boarding homes could be considered to be under the jurisdiction of the Department of Mental Health and Mental Retardation.

Even if registered boarding homes could be considered to be under the jurisdiction of the Department of Mental Health and Mental Retardation, it is clear that registered boarding homes do not meet the requirement of section 242.003(a)(6)(C) that they be "certified through inspection or evaluation as meeting the standards established by" the Department of Mental Health and Mental Retardation. Article 5547-206 imposes no requirement that boarding homes meet standards set by the Department of Mental Health and Mental Retardation. Rather, the department is to approve a _local authority's guidelines_ if the guidelines require that boarding homes be inspected by the local authority and if the guidelines require the boarding homes to comply with all applicable _local_ health, sanitation, fire, and safety requirements. We conclude, therefore, that the fact that a facility is required to be registered under article 5547-206, V.T.C.S., does not by itself bring the facility within the scope of the exemption set out in section 242.003(a)(6) of the Health and Safety Code.

Your second and third questions do not contain sufficient information for us to provide an answer.

### S U M M A R Y

The fact that a facility is required to be registered with a local mental health and mental retardation authority under 5547-206, V.T.C.S., does not by itself bring the facility within the scope of the exemption set out in section 242.003(a)(6) of the Health and Safety Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

p. 6425

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General